IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-0045 |
| | § | CIVIL NO. H-08-2045 |
| RONALD GONZALEZ, #16574-179 | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a *pro se* motion filed by Defendant Ronald Gonzalez, #16574-179, to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 66.) The Government responded to the motion. (Docket Entry No. 71.)

Upon due consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **DENIES** the section 2255 motion, as follows.

**I. BACKGROUND AND CLAIMS**

On April 14, 2005, Defendant pleaded guilty to distribution of child pornography and possession of child pornography involving the sexual exploitation of minors. (Docket Entry No. 47.) There was no written plea agreement. On September 9, 2005, the Court sentenced Defendant to an aggregate 135-month term of imprisonment and a life term of supervised release. The conviction was affirmed on appeal. *United States v. Gonzalez*, 2006 WL 3059941 (5th Cir. 2006).

In the instant motion, Defendant complains that (1) trial counsel was ineffective in failing to negotiate a favorable written plea agreement; (2) the Government denied him due

process by refusing to enter into a written plea agreement; and (3) his sentence was unreasonable. The Government argues that these complaints are groundless.

## II. ANALYSIS

A. <u>Ineffective Assistance of Counsel</u>

To assert a successful ineffectiveness claim, a criminal defendant must establish both constitutionally deficient performance by counsel and actual prejudice as a result of counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. Judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

Defendant asserts here that trial counsel was ineffective in failing to negotiate a favorable written plea agreement. His assertion, however, is refuted by the record. During rearraignment, when he pleaded guilty, Defendant stated on the record that no one threatened him, coerced him, or tried to force him to plead guilty, and that he entered the plea knowingly

and voluntarily. (Docket Entry No. 52, p. 4.) Defendant attested that he was satisfied with the representation he received from trial counsel. The record shows the following exchange between the Court and trial counsel:

> THE COURT: Has the plea in this case resulted in negotiations between you and your client on the one hand and the Government on the other?
>
> TRIAL COUNSEL: It is [sic], Your Honor; however, there is no formal plea agreement.
>
> THE COURT: Very well. Mr. Gonzalez, do you understand that even at this late date, if you wish to, you can choose to plead 'not guilty' and proceed to a jury trial? Do you understand that?
>
> DEFENDANT: Yes, sir, I do.

*Id.*, pp. 4–5. Despite the parties' inability to reach a plea agreement, Defendant waived his rights and persisted in pleading guilty. *Id.*, p. 5. The record further shows that Defendant acknowledged his understanding that the Court would set a sentencing hearing to determine punishment, and that the Court would listen to anything Defendant and his lawyer had to say as to sentencing. *Id.*, pp. 5–6. Defendant also acknowledged that if he were unhappy with the sentence, his dissatisfaction would not be a valid basis to withdraw his guilty plea. *Id.*, p. 6. Defendant confirmed that trial counsel had discussed the Sentencing Guidelines and the Sentencing Guidelines table with him. *Id.* Defendant fails to establish that any actions or inactions by trial counsel precluded finalization of an available and favorable written plea agreement, and no deficient performance is shown.

Defendant further fails to establish the element of actual prejudice, in that he does not show that a sentence resulting from a written agreed plea agreement would have been different from that imposed under the Sentencing Guidelines.

To the extent Defendant also complains that trial counsel failed to object thoroughly to his "unreasonable" sentence, the complaint is without merit, as the Fifth Circuit Court of Appeals upheld the reasonableness of the sentence on direct appeal. *United States v. Gonzalez*, 2006 WL 3059941 (5th Cir. 2006).

Defendant fails to show that he was denied the effective assistance of trial counsel under *Strickland*, and his Sixth Amendment claim is without merit.

B. <u>Denial of Plea Agreement</u>

Defendant further contends that, by refusing to enter into a plea agreement with trial counsel, the Government denied him due process. Although Defendant concedes that he had no constitutional right to receive a written plea agreement from the Government, he argues that the Government's refusal in his case "served no purpose, other than the government's manipulation of the guidelines for its preferred sentence[.]" (Docket Entry No. 67, p. 4.) This conclusory speculation provides Defendant no basis for relief, and no due process violation is shown.

C. <u>Unreasonable Sentence</u>

Defendant argues that his sentence is unreasonable. In rejecting this argument on direct appeal, the Fifth Circuit Court of Appeals held as follows:

4

> On appeal, Gonzalez argues that his sentence is unreasonable because the district court relied only on the sentencing range calculated under the Sentencing Guidelines and failed to consider the other sentencing factors of 18 U.S.C. § 3553(a).
>
> The Government argues that Gonzalez's appeal is a challenge to the district court's refusal to impose a requested 'non-Guidelines sentence'; the Government asserts that the district court's refusal constitutes the denial of a motion for downward departure and, as such, it is unreviewable. Gonzalez, however, makes it clear that he is challenging the reasonableness of the guidelines sentence that the district court ultimately imposed.
>
> We review sentences imposed for 'unreasonableness.' A sentence within a properly calculated guidelines range is presumed reasonable. Gonzalez does not challenge the calculation of the guidelines range; he argues that his sentence is not reasonable because the district court failed to consider all of the factors of § 3553(a). Our review of the record persuades us that these factors were raised and properly considered by the district court at sentencing. Gonzalez has not rebutted the presumption that the guidelines sentence was reasonable.

*United States v. Gonzalez*, 2006 WL 3059941 (5th Cir. 2006) (citations omitted).

Because this issue was raised and rejected on direct appeal, this Court will not reconsider it. An issue raised on direct appeal is beyond the narrow scope of review permitted by 28 U.S.C. § 2255. *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1985). Section 2255 affords review only for constitutional issues that could not have been raised on direct appeal and would result in a miscarriage of justice if not addressed. *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994).

Defendant raises no basis for section 2255 relief in this claim.

## III. CONCLUSION

Defendant's section 2255 motion (Docket Entry No. 66) is **DENIED**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 18th day of April, 2012.

                                                KEITH P. ELLISON
                                                UNITED STATES DISTRICT JUDGE